UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLYN OPFAR,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                Defendant. | Case No. C15-1537-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Shirlyn Opfar seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred by (1) rejecting her testimony and (2) finding she could perform her past relevant work and was therefore not disabled. Dkt. 12. The Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Opfar is currently 53 years old, has a high school education, and has worked as a medical-laboratory technician and a janitorial services supervisor. Tr. 58, 154, 176. In January 2013, she applied for benefits, alleging disability as of June 2012; she later amended her alleged onset date to her fiftieth birthday, in August 2012. Tr. 154, 236. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, on May 14, 2014,

REPORT AND RECOMMENDATION - 1

1  issued a decision finding her not disabled.  Tr. 27-35.  The Appeals Council denied Ms. Opfar's

2  request for review, making the ALJ's decision the Commissioner's final decision.  Tr. 1.

## ALJ DECISION

4  Utilizing the five-step disability evaluation process,[1] the ALJ found that Ms. Opfar had

5  not engaged in substantial gainful activity since the alleged onset date; she had the following

6  severe impairments: bursitis, status post left hip replacement; and she had no impairment or

7  combination of impairments that met or equaled the requirements of a listed impairment.[2]  Tr.

8  29-31.  The ALJ found that Ms. Opfar had the residual functional capacity to perform light work

9  except: she could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; she

10 could sit, stand, and/or walk for 6 hours in an 8-hour workday; she could occasionally push/pull

11 with her lower extremities bilaterally; she could not climb ladders or crawl; she could

12 occasionally climb stairs, crouch, and kneel; she must avoid even moderate exposure to

13 excessive vibration and to hazardous conditions such as unprotected heights.  Tr. 32.  The ALJ

14 found that Ms. Opfar could perform her past relevant work as a medical-laboratory technician, as

15 this work did not require the performance of work-related activities precluded by her residual

16 functional capacity.  Tr. 34.  The ALJ therefore found Ms. Opfar not disabled.  Tr. 35.

## DISCUSSION

18  Ms. Opfar argues that the ALJ improperly rejected her testimony.  Dkt. 12 at 3.  Because

19 the ALJ did not find that Ms. Opfar was malingering, the ALJ had to provide clear and

20 convincing reasons to reject her testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th

21 Cir. 2001).  An ALJ does this by making specific findings supported by substantial evidence.

22 "General findings are insufficient; rather, the ALJ must identify what testimony is not credible

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ found that while Ms. Opfar alleged she had constant, severe pain that interfered with her ability to complete her activities of daily living, she nevertheless completed her personal care, albeit with occasional difficulty. Tr. 33. Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot support an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The activities the ALJ identified—dressing, preparing simple meals, doing light housework, and gardening—are neither transferrable to a work setting, nor contradictory to Ms. Opfar's testimony. The ALJ acknowledged that Ms. Opfar completed her activities with difficulty, which is directly in line with her testimony. This was not a valid reason to question her credibility.

The ALJ found that Ms. Opfar's credibility was reduced because she left her last job not because of her physical impairments, but because she was being bullied by a co-worker. Tr. 33. The ALJ may consider "ordinary techniques of credibility evaluation," including inconsistencies in the claimant's testimony or between her testimony and conduct, and her work record. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Ms. Opfar testified that she stopped working in June 2012 because of a hostile work environment. Tr. 45. She fell and fractured her hip—an injury which ultimately resulted in her bursitis—in August 2012. Tr. 46-48. She stated to her therapist in August 2012, shortly after her hip fracture, that she felt she would be able to return to work after her hip healed, so long as she did not need to work with the co-worker who had been hostile to her. Tr. 248.

REPORT AND RECOMMENDATION - 3

At the time of the hearing and ALJ decision, Ms. Opfar alleged that her disability began on the date she left her last job; she did not amend her alleged onset date until she sought Appeals Council review. Tr. 236. Her statements that she left her job for reasons other than an allegedly disabling impairment contradicted her allegations at the time of the hearing. It was therefore rational for the ALJ to conclude that these inconsistent statements undermined Ms. Opfar's credibility. But Ms. Opfar has since amended her alleged onset date and no longer alleges that she was disabled when she left her last job. Accordingly, the Court concludes that substantial evidence no longer supports this reason for finding her not fully credible.

The only other reason the ALJ gave for finding Ms. Opfar not credible was that the medical evidence did not support her claims. Tr. 33. But, while a lack of supporting medical evidence is a factor that the ALJ can consider in his credibility analysis, it cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Therefore, even if this finding was a clear and convincing reason to reject Ms. Opfar's complaints, it cannot support the ALJ's adverse credibility determination on its own. The Court therefore concludes that the ALJ's credibility assessment cannot stand and the ALJ's decision should therefore be reversed.

Ms. Opfar asks the Court to remand this case for an award of benefits. Dkt. 12 at 11. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further

REPORT AND RECOMMENDATION - 4

proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that remand for an award of benefits is not appropriate. Besides finding Ms. Opfar not fully credible, the ALJ gave significant weight to the medical opinions that Ms. Opfar was not disabled, and Ms. Opfar has not challenged these findings. Tr. 33-34. Therefore, even if Ms. Opfar's testimony were credited as true, these opinions create doubt about whether Ms. Opfar is disabled—doubt that should be resolved by the finder of fact and not this Court. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (court may neither reweigh the evidence nor substitute its judgment for the Commissioner's). The Court is also mindful of the fact that one of the ALJ's reasons for rejecting Ms. Opfar's credibility was undermined only after the ALJ issued his decision. Accordingly, the Court recommends that this case be remanded for further administrative proceedings, to permit the ALJ to reevaluate Ms. Opfar's credibility and to determine the weight to give to all the evidence in light of that reevaluation.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the credibility of Ms. Opfar's statements. The ALJ should also further develop the record and redo the five-step disability process as appropriate.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **April 29, 2016**. If no objections are filed, the Clerk shall note the matter as ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the

REPORT AND RECOMMENDATION - 5

1 objections.  A party filing an objection must note the matter for the Court's consideration 14

2 days from the date the objection is filed and served.  Objections and responses shall not exceed

3 ten pages.  The failure to timely object may affect the right to appeal.

4   DATED this 15th day of April, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6